UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Maria ALICEA | ) | 3:21-CV-01638 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| David Haung YANG, Shideh Imanian PARSA, Robben LEVINE, Jenna MAISEL, Daniel MARCHETTI, Andrew VILLABONA, Greg MARRINAN, Kristen GLASGLOW, Madeleine K. CARROLL, and BRIDGEPORT HOSPITAL/YALE NEW HAVEN HEALTH, | ) ) ) ) ) ) ) ) | JULY 7, 2022 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANTS' MOTION TO DISMISS, ECF No. 23**

Kari A. Dooley, United States District Judge:

The Plaintiff, Maria Alicea, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Bridgeport Hospital, and several of its employees—David Haung Yang, Shideh Imanian Parsa, Robben Levine, Jenna Maisel, Daniel Marchetti, Andrew Villabona, Greg Marrinan, Kristen Glasglow, and Madeleine K. Carroll (the "Individual Defendants")—for injuries she suffered while she was admitted to the Bridgeport Hospital in July 2020. She seeks redress for violations of her rights under the First, Fourth, and Fourteenth Amendments and seeks money damages.

Pending before the Court is the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint in its entirety. Plaintiff opposes the motion. For the reasons set forth below, the motion is GRANTED.

**Allegations**[1]

---

[1] For the purposes of this motion, the Court, as it must, accepts as true the allegations in Plaintiff's Amended Complaint, ECF No. 68. *See*, *e.g.*, *Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 347 (2d Cir. 2003). The Court also considers the documents to which Plaintiff refers and which were previously submitted to the docket. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

Members of the Bridgeport Police Department were dispatched to conduct a health and wellness check on the Plaintiff on July 3, 2020.[2] During this health and wellness check, Plaintiff suffered significant injury and was therefore transported by ambulance to the Bridgeport Hospital for treatment. Defendants David Haung Yang, Shideh Imanian Parsa, Robben, Jenna Maisel, Daniel Marchetti, Andrew Villabona, Greg Marrinan, Kristen Glasglow, and Madeleine K. Carroll, all employees of Bridgeport Hospital, are alleged to have been involved in Plaintiff's care.

Plaintiff maintains that much of the treatment she received occurred without her consent and that she was treated inhumanely, "like property," throughout her admission. Plaintiff specifically alleges, *inter alia*, that she was held against her will after she passed "3 day suicide exams for 72 hours;" that her left hand was cut from the palm of her hand to her thumb during a left hand closed reduction; that she was tested for COVID-19 while she was incoherent and placed on a SARS floor despite not having COVID-19; that she was video recorded against her will and without her consent; that she was pinned down by staff; that she was provided medication against her will, including medications to which she was allergic and which caused further injury; and that Plaintiff's privacy rights were violated in a variety of ways. The Plaintiff was discharged from Bridgeport Hospital on July 9, 2020. Based on these allegations, Plaintiff brings § 1983 claims based on violations of her First, Fourth, and Fourteenth Amendment rights, and she seeks $3,000,000 in damages.

**Legal Standard**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] The conduct of these officers is the subject of another case before this Court, *Alicea v. City of Bridgeport et al.*, No. 3:21-cv-01147 (KAD). Both in this case and in *City of Bridgeport*, Plaintiff maintains that members of the Bridgeport Police Department entered her apartment without her consent and filed false reports about her conduct, specifically that Plaintiff attempted to stab her husband and was suicidal.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

The Defendants argue that Plaintiff's claims should be dismissed because she has failed to plausibly allege that Bridgeport Hospital or any of the Individual Defendants are state actors. Plaintiff opposes the Defendants' motion and asserts that the Defendants "registered this plaintiff under the color and authority of the state." Nevertheless, the Court agrees with the Defendants.

Title 42, Section 1983 provides in relevant part: "Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Accordingly, liability attaches under § 1983 only when a defendant acted under color of state law, and a private actor may not be held liable under § 1983 unless it was acting as an instrument of the state. *See*, *e.g.*, *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted). "For the purposes of section 1983, the actions

3

of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the [s]tate, ('the public function test')." *Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Acad. v Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)). District courts, perhaps owing to the fact-intensive nature of this inquiry, have referred to these tests using different nomenclature or have departed from these tests where a mechanical application of the test did not adequately "fit" the case at bar. *See Doe v. Livanta LLC*, 489 F. Supp. 3d 11, 17–18 (E.D.N.Y. 2020) (citing *Alexander v. Azar*, --- F. Supp. 3d ---, 2020 WL 1430089, at *43–*48 (D. Conn. Mar. 24, 2020)); *Stefanoni v. Darien Little League, Inc.*, 101 F. Supp. 3d 160, 173–75 (D. Conn. 2014).

"The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)) (further citations omitted). "[A] private entity does not become a state actor for purposes of § 1983 merely on the basis of 'the private entity's creation, funding, licensing, or regulation by the government.'" *Id.* (quoting *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003)). Further, "[i]t is not enough . . . for a plaintiff to plead state involvement in '*some activity* of the institution alleged to have inflicted injury upon a plaintiff'; rather, the plaintiff must allege that the state was involved 'with the *activity that caused the injury*.'" *Sybalski*, 546 F.3d at 257–58 (quoting *Schlein v. Milford Hospital, Inc.*, 561 F.2d 427, 428 (2d Cir. 1977)) (further citations omitted) (emphasis added in *Sybalski*); *see*

4

*also Fabrikant*, 691 F.3d at 207 ("In analyzing whether a private entity acts under color of state law for purposes of § 1983, we begin 'by identifying the specific conduct of which the plaintiff complains,' rather than the general characteristics of the entity.") (quoting *Am. Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999)). The burden is on a plaintiff to demonstrate that a private entity has engaged in state action. *Szekeres v. Schaeffer*, 304 F. Supp. 2d 296, 311 (D. Conn. 2004).

In this case, Plaintiff has failed to meet her burden to plausibly allege that the Defendants were state actors engaged in state action when they allegedly violated her constitutional rights. While there are numerous allegations about what Bridgeport Hospital and the Individual Defendants did to Plaintiff, the Amended Complaint does not contain any allegations that Bridgeport Hospital is a state-run hospital or is otherwise a state actor.[3] Nor does the Amended Complaint contain an allegation that any of the Individual Defendants are state actors or otherwise engaged in state action. Indeed, the facts alleged in the Amended Complaint cannot support a finding that the Defendants' conduct can be fairly attributable to the state under any of the relevant tests for determining whether a private actor should be considered a state actor for purposes of § 1983. *See Sybalski*, 546 F.3d at 257 (describing the compulsion, close nexus, and public function tests for state action). *See also Parker v. Blackerby*, 368 F. Supp. 3d 611, 624 (W.D.N.Y. 2019) ("Private hospitals (and their employees) are generally not considered state actors."); *McArthur v. Yale New Haven Hospital*, No. 3:20-cv-998 (SRU), 2021 WL 3725996, at * 5 (D. Conn. Aug. 23, 2021) ("Indeed, courts in this District routinely dismiss section 1983 claims against [Yale New Haven Hospital] (or one of its employees) because the plaintiff failed to plausibly allege that [Yale

---

[3] Notably, the Bridgeport Hospital is a private, not-for-profit hospital and a member, along with Yale New Haven Hospital, Greenwich Hospital, Lawrence + Memorial Hospital, Westerly Hospital, and Northeast Medical Group, of the Yale New Haven Health system. *See* Yale New Haven Health, *About Us*, https://www.ynhhs.org/about (last visited June 28, 2022).

New Haven Hospital] was a state actor or was acting under color of state law.") (citing cases); *Febres v. Yale New Haven Hospital*, No. 19-CV-1195 (KAD), 2019 WL 7050076, at * 2 (D. Conn. Dec. 23, 2019) ("Here, while it is conceivable that Yale New Haven Hospital receives some public funding, and is accordingly tied to the State in some way . . . such a general tie to the State is insufficient to support a Section 1983 claim." ) (quotations omitted); *Chance v. Machado*, No. 08-CV-774 (CSH), 2009 WL 3416422, *2 (D. Conn. Oct. 22, 2009) (dismissing § 1983 claims against doctors employed by Bridgeport Hospital, which is privately owned, for failure to allege state action).

Plaintiff's argument that the Defendants acted under the authority of the state—even coupled with the Defendants' concession that they held the Plaintiff against her will by using a physician's emergency certificate pursuant to Conn. Gen. Stat. § 17a-502—does not alter the Court's conclusion. State action is an essential component of a § 1983 claim, and a private doctor's exercise of his or her discretion to issue a physician's emergency certificate pursuant to state law and hold an individual against her will does not convert that physician's conduct into state action. *See Edwards v. Baptiste*, No. 3:06cv00952 (PCD), 2006 WL 3618021, at *2–*3 (D. Conn. Dec. 11, 2006); *see also McGugan v. Aldana-Barrier*, 752 F.3d 224, 229–31 (2d Cir. 2014) (holding that a plaintiff had not sufficiently alleged that private health care provider was a state actor even though the health care provider forcibly medicated and hospitalized the plaintiff pursuant to state law); *Doe v. Rosenberg*, 996 F. Supp. 343, 348–58 (S.D.N.Y. 1998) (holding that a private physician and a private hospital and its employees were not state actors during involuntary commitment of the plaintiff under any of the tests for determining same), *affirmed* 166 F.3d 507, 508 (2d Cir. 1999) ("On the question of whether the defendants acted under color of state law, we

affirm for substantially the reasons set forth in the district court's comprehensive and scholarly opinion.").

**Conclusion**

The Court is cognizant that, in general, a complaint by a *pro se* plaintiff should not be dismissed without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, Plaintiff filed the Amended Complaint in response to Magistrate Judge Robert M. Spector's recommended ruling rendered pursuant to 28 U.S.C. § 1915 and which recommended that Plaintiff's original complaint be dismissed because, *inter alia*, it failed to sufficiently allege state action. *See* Recommended Ruling, ECF No. 9 (Dec. 22, 2021). Given Bridgeport Hospital's status as a private hospital, the Individual Defendants' status as employees of that private hospital, and Plaintiff's failure to cure the issues identified by Judge Spector in the original complaint, the Court concludes that any further attempts at amending this complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).[4]

For the reasons stated above, Defendants' motion to dismiss is GRANTED and the Amended Complaint is DISMISSED with prejudice. The Clerk of the Court is directed to close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of July 2022.

                                              */s/ Kari A. Dooley*
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE

---

[4] The Court offers no opinion as to whether claims asserted as state law causes of action in state court would be viable, only that Plaintiff has not plausibly alleged a § 1983 federal claim.